ENTERED JAN 3 0 2015

05 7 1 0 4

A True Copy

*Jean A. Barnet*
Clerk of Courts

STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-14-6647
NDM-CUM-01-15-15

STATE OF MAINE      2015 JAN 21 PM 12 59

v.

CLEMENTE ALVARADO,

Defendant

ORDER ON DEFENDANT'S
MOTION TO SUPPRESS

Heating on defendant's motion to suppress was held January 13, 2015. Defendant argues his due process rights were violated and his statements were not voluntary. For the following reasons, the motion is denied.

FACTS

Brunswick Police Department Detective Kenneth Bailey has served as School Resource Officer for Brunswick High School for ten years. On 5/14/14, Amanda Faith appeared at Detective Bailey's office with a friend and asked to speak to him.

During his investigation of the allegations, Detective Bailey took notes when speaking to people and maintained an ongoing report on his computer. Detective Bailey was unable to contact defendant for more than one month because defendant was out of the state for work. Detective Bailey finally contacted defendant by phone and said allegations had been made that should be discussed. Defendant agreed to go to the police station to speak to Detective Bailey.

On July 1, 2014, a few days after the phone conversation, defendant arrived alone at the police station just before 5:00 p.m. Detective Bailey and defendant spoke in the main lobby. Detective Bailey was in plain clothes. He did not recall whether he had a weapon. He asked if defendant wanted to go to an interview room and defendant

1

replied, "sure." They went to the interview room, which measures a few feet wide by a few feet long. When Detective Bailey closed the door, he told defendant the door was closed only for privacy and defendant was free to leave. The two sat approximately three feet from each other. Although the Brunswick Police Department has the capacity to record interviews, this interview was not recorded.

Detective Bailey told defendant Amanda had made allegations regarding inappropriate conduct at a bowling alley, and the Detective wanted to talk about the allegations. Detective Bailey read the Miranda warnings from the Brunswick Police Department sheet. (State's Ex. A.) Defendant understood his rights and Detective Bailey checked the boxes on the sheet, indicating defendant replied "yes" when asked if he understood each paragraph. Defendant agreed to speak to Detective Bailey and signed the sheet, as did Detective Bailey.

The conversation lasted ten to fifteen minutes. Detective Bailey asked what happened. He then asked if defendant would prepare a written statement. The Detective stated the statement did not have to be written at that time and defendant could take the form with him. Defendant said he would be in contact when the statement was completed. When the statement was not returned, Detective Bailey called defendant. Defendant said he did not have time but he would complete the statement. Detective Bailey never received the written statement.

Detective Bailey called defendant again and asked him to go to the police station. At the station, Detective Bailey said he had enough information and summonsed defendant.

Throughout the entirety of his dealings with defendant, Detective Bailey believed defendant understood what the Detective was saying. Defendant's demeanor was "perfectly fine" and he showed no adverse emotions. There was no indication

2

defendant did not want to speak or felt pressured to say anything. Defendant understood his Miranda rights and agreed to waive them.

CONCLUSIONS

Voluntariness

Defendant argues his statements were not voluntary. In order to find a statement voluntary, the State must prove beyond a reasonable doubt that the statement resulted from the "defendant's exercise of his own free will and rational intellect." State v. Caouette, 446 A.2d 1120, 1123-24 (Me. 1982). "A confession is voluntary if it results from the free choice of a rational mind, if it is not a product of coercive police conduct, and if under all the circumstances its admission would be fundamentally fair." State v. Mikulewicz, 462 A.2d 497, 501 (Me. 1983). The requirement that a statement must be voluntary in order to be admissible "gives effect to three overlapping but conceptually distinct values: (1) it discourages objectionable police practices; (2) it protects the mental freedom of the individual; and (3) it preserves a quality of fundamental fairness in the criminal justice system." Id. at 500.

Although the interview was not recorded, the testimony of Detective Bailey was credible with regard to his interaction with defendant. There was no coercion. Defendant understood what was happening and what was said, waived his Miranda warnings, and chose how to proceed. On this record, based on the totality of the circumstances, the State has proved beyond a reasonable doubt that the defendant's statements were voluntary. See State v. Sawyer, 2001 ME 88, ¶ 9, 772 A.2d 1173.

Due Process

Defendant also argues his right to due process was somehow violated but did not articulate any basis for that argument. Defendant agreed his waiver of his Miranda rights was valid. When a violation of the right to due process is argued, the procedures

3

used by the police are reviewed "to determine if the conduct 'offends the community's sense of justice, decency, and fair play.'" State v. Bavouset, 2001 ME 141, ¶ 7, 784 A.2d 27 (quoting Roberts v. State, 48 F.3d 1287, 1291 (1st Cir. 1995)). A determination of whether state action violates a defendant's right to due process involves consideration of "(1) the private interest that will be affected by the State's action; (2) the risk of an erroneous deprivation of that private interest along with the probable utility of substitute or added safeguards; and (3) the government's interest in adhering to the existent procedure." State v. Cote, 1999 ME 123, ¶ 12, 736 A.2d 262. There is no evidence in this case of any violation of defendant's right to due process.

The entry is

The Defendant's Motion to Suppress is DENIED.

Date: January 15, 2015

Nancy Mills
Justice, Superior Court

4

STATE OF MAINE
  vs
CLEMENTE ALVARADO
35    DGE STREET
TOPᵇⁿAM ME 04086

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No   CUMCD-CR-2014-06647

**DOCKET RECORD**

DOB: 04/03/1972
Attorney: LEONARD SHARON
          LEONARD SHARON ESQ PC
          223 MAIN STREET
          AUBURN ME 04210-5833
          RETAINED 08/21/2014

State's Attorney: MICHAEL MADIGAN

Filing Document: CRIMINAL COMPLAINT
Filing Date: 09/25/2014

Major Case Type: MISDEMEANOR (CLASS D,E)

## Charge(s)

1   UNLAWFUL SEXUAL TOUCHING                          05/11/2014 BRUNSWICK
Seq 9308   17-A   260(1)(A)          Class D
   BAILEY            ↑    / BRU

2   ASSAULT                                           05/11/2014 BRUNSWICK
Seq 8382   17-A   207(1)(A)          Class D
   BAILEY            ↑    / BRU

## Docket Events:

10    '2014 Charge(s): 1,2
         TRANSFER -  PERMANENT TRANSFER EDI ON 10/08/2014 at 04:34 p.m.

         TRANSFERRED CASE: SENDING COURT CASEID WESDCCR201400469
         FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 09/25/2014

         Charge(s): 1,2
         HEARING -  ARRAIGNMENT SCHEDULED FOR 10/07/2014 at 08:30 a.m. in Room No.  1

         NOTICE TO PARTIES/COUNSEL
         Charge(s): 1,2
         HEARING -  ARRAIGNMENT WAIVED ON 08/21/2014

         Charge(s): 1,2
         PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 08/21/2014

         Party(s):  CLEMENTE ALVARADO
         ATTORNEY -  RETAINED ENTERED ON 08/21/2014

         Attorney:  LEONARD SHARON
         Charge(s): 1,2
         FINDING -  PERMANENT TRANSFER TRANSFERRED ON 10/08/2014

         CUMCD
10/28/2014 Charge(s): 1,2
         TRANSFER -  PERMANENT TRANSFER RECVD BY COURT ON 10/23/2014
         TERESA  SAWYER-BLACK , ASSISTANT CLERK

WESDC CR-2014-469

10/26/2014 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 12/18/2014 at 01:00 p.m. in Room No. 7

10/28/2014 Charge(s): 1,2
          TRIAL - JURY TRIAL SCHEDULED FOR 02/09/2015 at 08:30 a.m. in Room No. 11

          NOTICE TO PARTIES/COUNSEL
12/09/2014 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 12/09/2014

12/18/2014 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 12/18/2014

12/18/2014 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 01/13/2015 at 01:00 p.m. in Room No. 1

          NOTICE TO PARTIES/COUNSEL
12/18/2014 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 12/18/2014

12/18/2014 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 01/13/2015 at 01:00 p.m. in Room No. 1

          NOTICE TO PARTIES/COUNSEL
12/18/2014 MOTION - OTHER MOTION FILED BY DEFENDANT ON 12/18/2014

          MOTION FOR PREPARATION OF REPORT ON INJURIES.
12/18/2014 HEARING - OTHER MOTION SCHEDULED FOR 01/13/2015 at 01:00 p.m. in Room No. 1

          MOTION FOR PREPARATION OF REPORT ON INJURIES.
12/18/2014 MOTION - MOTION IN LIMINE FILED BY DEFENDANT ON 12/18/2014

          TO EXCLUDE UNCHARGED CONDUCT.
12/19/2014 HEARING - DISPOSITIONAL CONFERENCE HELD ON 12/18/2014
          JEFF MOSKOWITZ , JUDGE
          Attorney: LEONARD SHARON
          DA: JENNIFER ACKERMAN
          MOTIONS FILED AND SET FOR 1-13-15 AT 1:00 P.M. PARTIES NOTIFIED.
12/30/2014 LETTER - FROM PARTY FILED ON 12/30/2014

          Attorney: LEONARD SHARON
          LETTER INFORMING THE COURT THAT ATTORNEY IS GOING FORWARD WITH MOTION TO SUPPRESS AND
          ANTICIPATES HEARING WILL LAST 1 1/2 HOURS.
01/14/2015 HEARING - MOTION TO SUPPRESS STATEMENT HELD ON 01/13/2015
          NANCY MILLS , JUSTICE
          Attorney: LEONARD SHARON
          DA: JULIA SHERIDAN
          Defendant Present in Court

          TAPE 6220 INDEX 3128-4175                              TESTIMONY
          OFFICER BAILEY INDEX 3204                    MOTIONS DISCOVERY, PREP
          OF REPORT CONTINUED ADA MADIGAN NOT AVAILABLE    MOTION IN LIMINE TO BE ADDRESSED BY
          TRIAL JUDGE                        STATE'S EXIBIT A SUBMITTED
                    MOTION TO SUPPRESS STATEMENT TAKEN UNDER ADVISEMENT
01/14/2015 MOTION - MOTION TO SUPPRESS STATEMENT UNDER ADVISEMENT ON 01/13/2015
          NANCY MILLS , JUSTICE
          TAKEN UNDER ADVISEMENT BY JUDGE MILLS
01   /2015 HEARING - MOTION FOR DISCOVERY CONTINUED ON 01/13/2015

NANCY MILLS , JUSTICE
CONTINUED TO 1.29.15
01/14/2015 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 01/29/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
01/14/2015 HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 01/13/2015
KRISTINA JOYCE , ASSISTANT CLERK
01/14/2015 HEARING - OTHER MOTION NOT HELD ON 01/13/2015

MOTION FOR PREPARATION OF REPORT ON INJURIES.
01/21/2015 MOTION - MOTION TO SUPPRESS STATEMENT DENIED ON 01/15/2015
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL
01/21/2015 ORDER - COURT ORDER FILED ON 01/21/2015

ORDER ON DEFENDANT'S MOTION TO SUPPRESS
01/21/2015 ORDER - COURT ORDER ENTERED ON 01/15/2015
NANCY MILLS , JUSTICE
THE DEFENDANT'S MOTION TO SUPPRESS IS DENIED

COPY GIVEN TO ATTORNEY, ADA, AND MARIAH

A TRUE COPY
ATTEST: _____
Clerk